1
2
3
4
5
6
7

**United States District Court**
**For the Northern District of California**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

8   EMMA JEAN PERREIRA,                    No. C 10-03482 SI

9            Plaintiff,                    **ORDER DENYING PLAINTIFF'S**
                                           **MOTION FOR SUMMARY JUDGMENT**
10      v.                                 **AND GRANTING DEFENDANT'S**
                                           **MOTION FOR SUMMARY JUDGMENT**
11   MICHAEL J. ASTRUE,
     Commissioner of Social Security,
12
                Defendant.
13   _____/

14

15          The parties have filed cross-motions for summary judgment on this Social Security appeal. The

16   Social Security Administration ("SSA") denied plaintiff's claim for Child's Insurance Benefits stating

17   that plaintiff did not meet the dependency requirements because she did not receive one-half of her

18   support from the Insured, her grandmother, Maureen Dunne. Plaintiff contends that in addition to

19   income, the cash value of household services provided by Ms. Dunne to plaintiff should also be included

20   when calculating the amount of contribution Ms. Dunne made toward plaintiff's cost of living. Based

21   upon the Court's review of the parties' papers and administrative record, the Court hereby DENIES

22   plaintiff's motion for summary judgment and GRANTS defendant's motion for summary judgment,

23   thereby upholding the denial of Child's Insurance Benefit.

24
                                        **BACKGROUND**
25
     **I.      Procedural History**
26
            Maureen Dunne filed a claim for Child's Insurance Benefits for plaintiff, her granddaughter,
27
     Emma Jean Perreira on June 28, 2004. Administrative Record ("AR") at 24-27. Ms. Dunne requested
28

United States District Court
For the Northern District of California

a hearing before an Administrative Law Judge ("ALJ") after the claim was denied initially and upon reconsideration on July 5 and 25, 2005, respectively.  AR at 12.  On August 23, 2007, Ms. Dunne and plaintiff appeared at the hearing without counsel.  AR at 175.  The ALJ denied the claim on September 26, 2007, stating that Ms. Dunne did not provide one-half of plaintiff's support in the relevant period of time.  AR at 12-14.  The Appeals Council denied plaintiff's request for review on July 23, 2010, stating that although Ms. Dunne provided additional financial information, this information pertained to the years 2006-2009 whereas the time period at issue was April 2002 through March 2003.  AR at 4-7.  Ms. Dunne then filed this appeal.[1]  This Court has jurisdiction pursuant to 42 U.S.C. § 405(g) which allows an individual to file a civil action "after any final decision of the Commissioner of Social Security made after a hearing to which he was a party."

## II.    ALJ's Findings

The ALJ found that, except for the dependency criteria, plaintiff met the eligibility requirements to receive Child's Insurance Benefits on Ms. Dunne's account: Emma Perreira is the biological granddaughter of Maureen Dunne; she was under the age of 18 and lived with Ms. Dunne during the time period in question; and Ms. Dunne was entitled to disability benefits.  AR at 12-14.

In order to qualify as a dependent of Ms. Dunne, plaintiff had to receive one-half of her support from Ms. Dunne.  42 U.S.C. § 402(d)(9); 20 C.F.R. §§ 404.360; 404.364(b).  From the wages that Ms. Dunne reported, the ALJ found that she did not contribute the requisite one-half support for Emma during the time in question, April 2002 through March 2003.  AR at 13.  To calculate the cost of Emma's support, the total income of the household is pooled and divided by the number of people in the household.  During the time in question, Ms. Dunne, Mr. Sears (Ms. Dunne's ex-husband) and Emma lived in the same household. AR at 173.  Ms. Dunne's wages of $4,773.31, Mr. Sear's retirement benefits of $11,885.60, and Emma's SSI benefits of $7,744.00 totaled  $24,402.91. *Id.*  This amount,

---

[1] Ms. Dunne submitted with her complaint in this action additional documents for consideration including lease agreements, rent receipts, wage stubs from San Francisco In-Home Support Services from the years 2008-2010, security deposits, and doctor records for her granddaughter.  Even if the court were allowed to consider these documents, these documents would not change anything, because they do not relate to the time period April 2002 through March 2003.

divided by three, is the cost of Emma's support: $8,134.30.  *Id.*  Because Ms. Dunne's wages only totaled $4,7731.31, the ALJ found that it was impossible for Ms. Dunne to have contributed more than half to the cost of Emma's support of $8,134.30 given that Ms. Dunne's wages did not cover her own cost of living.  *Id.*

## LEGAL STANDARD

### I.      Standard of Review

A district court may disturb the Secretary's final decision "only if it is based on legal error or if the fact findings are not supported by substantial evidence." *Sprague v. Bowen*, 812 F.2d 1226, 1229 (9th Cir. 1987).  "Substantial evidence, considering the entire record, is relevant evidence which a reasonable person might accept as adequate to support a conclusion." *Matthews v. Shalala*, 10 F.3d 678, 679 (9th Cir. 1993).  The court's review, however, "must consider the record as a whole," both that which supports as well as that which detracts from the Secretary's decision. *Desrosiers v. Secretary of Health & Human Servs.*, 846 F.2d 573, 576 (9th Cir. 1988).  Even if substantial evidence supports the Secretary's fact findings, her decision must be set aside if improper legal standards were applied in reaching that decision.  *See Benitez v. Califano*, 573 F.2d 653, 655 (9th Cir. 1978); *Gamble v. Shalala*, 850 F. Supp. 883, 884 (D. Or. 1994).

### II.     Qualifying for Child's Insurance Benefits

Under Title II of the Social Security Act, a claimant qualifies for Child's Insurance Benefits if she is:

- •     the child of an insured person who is entitled to either old-age or disability benefits;
- •     dependent upon the insured person;
- •     unmarried; and
- •     under age 18 or, if not, either under a disability that began prior to age 22 or be a full-time elementary or secondary school student under age 19

42 U.S.C. § 402(d)(1); 20 C.F.R. § 404.350(a).

The only contested issue is whether Emma, the claimant, qualifies as a dependent of Ms. Dunne, the insured.  The claimant is considered a dependent of the insured person if (1) the claimant was living with the insured and (2) the claimant received at least one-half of her support from the insured for the

3

**United States District Court**
For the Northern District of California

year immediately before the month in which the insured became entitled to old-age insurance benefits or disability insurance benefits.  42 U.S.C. § 402(d)(9); 20 C.F.R. §§  404.360; 404.364(b).

The insured is considered as contributing to the claimant's support if she made "regular" payments toward claimant's "ordinary living costs."  20 C.F.R. § 404.366(a).  These contributions can be made in cash, goods or services.  *Id.*  With respect to services, regulation 404.366(a) states that if the insured provides services that would otherwise have to be paid for, the cash value of  her services may be considered a contribution to the claimant's support.  *Id.*  But the agency's program manual interpreting this rule states that "the support requirement is based on an economic relationship," and "personal services are not income unless such services are purchased."  SSA's Program Operations Manual System (POMS) RS 01301.030C.13.  Therefore, the agency interprets services not to include "routine household tasks ordinarily expected of members of the household; these tasks do not have a cash value in determining support." POMS RS 01301.060A.

**DISCUSSION**

It is uncontested that Emma meets three of the four requirements to be eligible for Child's Insurance Benefits.  Therefore, the only issue is whether Emma qualified as a dependent of Ms. Dunne during the time at issue.  For the reasons below, the Court upholds the ALJ's finding that Emma was not a dependent of the insured at the time in question and, therefore, is ineligible to receive Child's Insurance Benefits on Ms. Dunne's account.

The SSA argues that under the pooled method, Ms. Dunne's wages did not amount to one-half of Emma's cost of support.  Def.'s Cross-Motion for Summ. J. at 4:2-14.  Ms. Dunne's wages for the time period at issue consisted of $4,773.31.  *Id.* at 4:9-10.  However, the computed cost of living for each household member (including the claimant) was  $8,134.30. *Id.* at 4:10-12.  Therefore, Ms. Dunne did not even have enough income to support herself, and thus could not have contributed to one-half of Emma's support.  The ALJ, following the SSA's internal guideline, the Program Operations Manual System (POMS), would only consider the monetary contributions of Ms. Dunne in calculating Ms. Dunne's level of support.

Ms. Dunne contends that in addition to her wages, her services and care of Emma should also

be included in her contributions. AR at 186-187. At the ALJ hearing, Ms. Dunne stated that she contributed to Emma's care by taking her to many medical appointments and to church. *Id.* While, she could not quantify the value of such services at the hearing, in later filings, Ms. Dunne submitted evidence of payments made to her in 2008 by San Francisco's Department of Social Services, In-Home Supportive Services. AR at 108.   Ms. Dunne argues that these IHSS payments were made to Ms. Dunne for Emma's home care, thus quantifying the value of Ms. Dunne's services during the time at issue. *See id.*

The question then, is whether the value of the In-Home Support Services Ms. Dunne provides should have been considered when calculating her contributions to Emma's cost of living. As noted above, regulation 404.366(a) provides that "if the insured provides services for you that would otherwise have to be paid for, the cash value of his or her services may be considered a contribution for your support. An example of this would be work the insured does to repair your home." 20 C.F.R. § 404.366(a). However, the SSA's longstanding interpretation of the regulation is that household services "ordinarily expected of members of the household" do not have a cash value in determining support. *See* SSA POMS RS 01301.030C.13; RS 01301.060A. The Eighth Circuit, in *Reutter v. Barnhart*, 372 F.3d 946, 951 (8th Cir. 2004), found that the SSA's interpretation of the regulation was neither inconsistent with the regulation nor plainly erroneous, and deferred to it in a case where the claimant made a similar argument to the one Ms. Dunne makes here. *Id.*[2] The Court agrees. Though this method of calculating contributions may not fully account for the fact that many household services today are purchased, the ALJ's decision applying the agency's longstanding interpretation was not legally erroneous. *See id.* ("we respectfully suggest, however, that Congress and the SSA consider whether this regulatory scheme accurately reflects the economic realities of modern family life.").

Because the cash value of Ms. Dunne's household services does not count towards her contribution to the support of Emma, the ALJ's determination to only use Ms. Dunne's monetary

---

[2]  No case in the Ninth Circuit has interpreted the POMS regulations at issue or determined whether or not 20 C.F.R. § 404.366 requires the SSA to consider the value of family member's provision of housework in determining support. *But cf. Pagter v. Massanari*, 250 F.3d 1255, 1261 (9th Cir. 2001) (assuming without deciding that contributions of "housework and home repairs" should have been included).

United States District Court
For the Northern District of California

contributions was correct.  Further, the ALJ's finding that Ms. Dunne's wages of $4,77.31 do not constitute one-half support of Emma's cost of support is supported by substantial evidence.  Other than the contribution of her services, Ms. Dunne does not contest her actual earned income from the years in question.  Pl.'s Motion for Summ. J. at 3-4.  Thus, Emma is not eligible for Child's Insurance Benefits during the time period in question, April, 2002 through March, 2003.

**CONCLUSION**

For the foregoing reasons, the ruling of ALJ is upheld.  Defendant's cross-motion for summary judgment is GRANTED.  Plaintiff's motion is DENIED.

**IT IS SO ORDERED.**

Dated: October 3, 2011

_____
SUSAN ILLSTON
United States District Judge

**United States District Court**
For the Northern District of California

6